**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Davy Shepherd, | CV-05-3029-PCT-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Douglas S. DeSoto and P. Thomas Menaugh, | |
| Defendants. | |

Pending before the court is Defendants Douglas DeSoto and P. Thomas Menaugh's motion to dismiss for lack of subject matter jurisdiction. Doc. #1. For the reasons stated below, the motion to dismiss will be granted without leave to amend.

**I.  Background.**

Pro se Plaintiff Davy Shepherd filed a complaint against Defendants Douglas S. DeSoto and P. Thomas Menaugh, individually, as employees of the Internal Revenue Service (IRS). Plaintiff asserts that subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1361, citing violations of his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution and 26 U.S.C. § 6330(b)-(c). Plaintiff seeks injunctive relief and requests that Defendants be compelled to provide him a fair hearing for his income tax dispute under 26 U.S.C. § 6330(b)-(c). Doc. #1. Specifically at issue is whether Plaintiff is entitled to a face-to-face hearing no matter the merit of his underlying income tax liability claim. Plaintiff is challenging codified IRS appeals procedures.

1 | 26 U.S.C. §§ 6320, 6330.

2 |     The United States, on behalf of its employees Defendants DeSoto and Menaugh, moves to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Doc. #7. The government asserts that (1) the U.S. should be substituted for the IRS employees, (2) the U.S. retains sovereign immunity from suit, and (3) this Court lacks jurisdiction over this action because the Collection Due Process (CDP) hearing at issue involved income taxes.[1] *Id.* Plaintiff opposes the motion to dismiss. Doc. #11.

**II.   Subject Matter Jurisdiction.**

    The defense of lack of subject matter jurisdiction may be raised at any time by the parties or the Court. *See* Fed. R. Civ. P. 12(h)(3); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court is not limited to the allegations in the pleadings if the "jurisdictional issue is separable from the merits of [the] case." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). The Court is "free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine*, 704 F.2d at 1077; *see Roberts*, 812 F.2d at 1177.

    Here, Defendants have attacked Plaintiff's invocation of federal district court jurisdiction, alleging instead that jurisdiction over claims regarding income tax liabilities lie within the exclusive purview of the United States Tax Court. Doc. #8. Defendants contend that when the proposed collection action involves an income tax liability, judicial review over any IRS determination lies with the Tax Court, not the District Court. Defendants cite *Bartschi v. Tracy*, 88 A.F.T.R. 2d 2001-6223, 2001 WL 1338795 (D. Ariz. 2001). *See also Broderick v. U.S.,* Slip Copy 2005 WL 200116 (D. Ariz. 2005)(Plaintiff's request for judicial review of IRS determination dismissed for lack of subject matter jurisdiction).

---

[1] As the Court finds that it lacks subject matter jurisdiction over this controversy, it need not address the other arguments raised by the parties.

Plaintiff argues that the nature of his claim is a due process violation over which the Tax Court has no jurisdiction, not an income tax liability dispute. Plaintiff emphasizes the nature of the remedy sought as support for invocation of District Court jurisdiction. The Court does not agree.

26 U.S.C. § 6330(d) provides that judicial review of hearing determinations falls within the jurisdiction of the Tax Court unless that court does not have jurisdiction over the underlying tax liability. Income tax is one such underlying tax liability over which the Tax Court has jurisdiction. *See* Treas. Reg. § 301.6330-1T, A-F3.

Courts in the Ninth Circuit have upheld this statutory interpretation. *Danner v. U.S.*, 208 F.Supp.2d 1166, 1170 (E.D. Wash. 2002)(held Tax Court, rather than District Court, had exclusive jurisdiction of any appeal of income tax liability). *See Gorospe v. Comm. of Internal Revenue,* 446 F.3d 1014 (9th Cir. 2006)(affirmed that Tax Court's jurisdiction is limited to issues over which the Tax Court would have had jurisdiction to consider the underlying tax). Plaintiff's procedural claim is clearly outside the jurisdiction of this Court. As *Broderick* held, "a procedural argument does not provide for jurisdiction outside of the United States Tax Court for a challenge to an IRS assessment under 26 U.S.C. § 6330." *Broderick v. U.S.,* Slip Copy 2005 WL 200116, *3 (D. Ariz. 2005).

Based upon the above analysis, the Court will grant Defendant's motion to dismiss for lack of subject matter jurisdiction. Even though Plaintiff is challenging a procedural aspect of the assessment, and not the underlying tax liability, 26 U.S.C. § 6330 does not confer jurisdiction to the District Court. 26 U.S.C. § 6330(d)(1) provides that "if a court determines that the appeal was to an incorrect court, a person shall have 30 days after the court determination to file such an appeal with the correct court." Accordingly, Plaintiff has thirty (30) days to file an appeal with the United States Tax Court.

**IT IS ORDERED:**

1. Defendants Douglas S. DeSoto and P. Thomas Menaugh's Motion to Dismiss for lack of subject matter jurisdiction (Doc. #7) is **granted**.

DATED this 23rd day of June, 2006.

_____
David G. Campbell
United States District Judge